HOSPITAL CORP. OF N.C. v. IREDELL COUNTY

[120 N.C. App. 445 (1995)]

HOSPITAL CORPORATION OF NORTH CAROLINA, INC. D/B/A DAVIS COMMUNITY
HOSPITAL v. IREDELL COUNTY

No. COA94-1390

(Filed 17 October 1995)

### 1. Hospitals and Medical Facilities or Institutions § 1 (NCI4th)— home health agency as "hospital facility"

Defendant county's home health agency was a "hospital facility" as defined by N.C.G.S. § 131E-6(4) since it was an agency of defendant; it had a license, equipment, and office space; and the entire Health Care Facilities and Services Act treats home health agencies as facilities requiring licensure.

**Am Jur 2d, Hospitals and Asylums §§ 1-4.**

### 2. Hospitals and Medical Facilities or Institutions § 2 (NCI4th)— transfer of home health agency—compliance with statutory notice requirements

There was no merit to defendant's contention that its contract to transfer "management" of a home health agency was not a "lease, sale, or conveyance" requiring compliance with the notice provisions of N.C.G.S. § 131E-13(d) because the transfer only related to "management" of the agency, since defendant transferred the right to operate the agency and in so doing made a conveyance within the meaning of the statute, and the lease of office space, which was an integral part of the contract, qualified the transfer as a lease within the meaning of the statute.

**Am Jur 2d, Hospitals and Asylums §§ 1-4.**

Judge WYNN concurring.

Appeal by defendant from judgment entered 30 August 1994 in Iredell County Superior Court by Judge W. Steven Allen, Sr. Heard in the Court of Appeals 14 September 1995.

*Homesley, Jones, Gaines & Fields, by T.C. Homesley, Jr., and Ragan Dudley, for plaintiff-appellee.*

*Pope, McMillan, Gourley, Kutteh & Simon, P.A., by William P. Pope and Anthony J. Baker, for defendant-appellant.*

GREENE, Judge.

Iredell County (defendant) appeals from the trial court's order entering summary judgment in favor of Hospital Corporation of North Carolina, Inc. d/b/a Davis Community Hospital (plaintiff) which restrained defendant from transferring the management of its home health agency until defendant complied with certain notice requirements.

The evidence shows that defendant owns and operates the Iredell County Home Health Agency (Home Health), which provides "home health care for persons needing medical assistance in their homes and hospitals." Defendant's organizational chart places Home Health under the Board of Health within the Iredell County Health Department. It is undisputed that Home Health operates pursuant to a license issued by the North Carolina Department of Human Resources, and that Home Health is not required to have a Certificate of Need, pursuant to Article 9 of Chapter 131E of the North Carolina General Statutes.

On 7 June 1994, the "Iredell County Board of Commissioners voted to transfer the management of the Iredell Home Health Agency to Iredell Memorial Hospital, Inc.," (Iredell) which is a non-profit hospital where a "majority of the voting members of the Board of Directors . . . are not appointed by" defendant. Thereafter, on 10 June 1994, plaintiffs, a for-profit hospital in competition with Iredell, sued defendants, seeking a temporary restraining order and a permanent restraining order, until defendants comply with notice requirements set forth in N.C. Gen. Stat. § 131E-13(d), the Municipal Hospital Act (the Act). The trial court entered a temporary restraining order on 10 June 1994, which the parties agreed by consent order should remain in effect until the matter could be heard. On 19 July 1994, the Board of Commissioners "adopted a resolution approving the transfer of the management of [Home Health] and lease of space and equipment to Iredell Memorial Hospital, Inc., subject to dissolution of the Restraining Order pending in this matter." The agreement which the Board of Commissioners approved provides that Iredell, as consideration for the contract, will eliminate a county subsidy to Home Health, pay $200,000, and lease the office space, within which Home Health currently operates, as well as all of the personal property of Home Health, from defendant in exchange "for the Transfer of operating rights and responsibilities." This transfer includes Home Health's license and provider number. Upon Iredell's breach of any

terms of the contract, including requirements that Iredell provide indiscriminate care to all members of the County and provide indigent care, defendant may resume operation of the management of Home Health.

On 22 August 1994, the trial court entered summary judgment in favor of plaintiffs, and ordered that the transfer of the management of Home Health should be permanently restrained until defendant complies with the notice provisions in N.C. Gen. Stat. § 131E-13(d).

---

The issues are whether (I) a home health agency is a "hospital facility" as defined by N.C. Gen. Stat. § 131E-6(4) and if so, whether (II) the transfer of Home Health's management in this case was a lease, sale or conveyance, requiring defendant's compliance with the notice requirements of N.C. Gen. Stat. § 131E-13(d), prior to the transfer.

I

[1] Prior to "leasing, selling, or conveying a hospital facility" to either a "for profit corporation" or a "nonprofit corporation" meeting the requirements of section 131E-14, a county which owns the facility must first comply with the requirements of section 131E-13(d). N.C.G.S. § 131E-13(d) (1994). In this case it is not disputed that Iredell is a section 131E-14 "nonprofit corporation." The defendant argues that Home Health is not a "hospital facility" within the meaning of the statute. We disagree.

A "hospital facility" is defined as

any type of hospital; facility operated in connection with a hospital such as a clinic, including mental health clinics; nursing, convalescent, or rehabilitative facility; public health center; *or any facility of a local health department.* The term "hospital facility" *also includes* related facilities such as laboratories, outpatient departments, housing and training facilities for nurses and other health care professionals, central service facilities operated in connection with hospitals, and all equipment necessary for its operation.

N.C.G.S. § 131E-6(4) (1994) (emphasis added). In this case, it is not disputed and, in fact, the record reveals that Home Health is a part of defendant's local health department. The question, therefore, is whether Home Health is "a facility" of defendant's local health department.

A facility is defined to include not only structures designed "to facilitate some particular end" but anything that "promotes the ease of any action, operation, transaction, or course of conduct." *Webster's Third New International Dictionary* 812 (1968); *Black's Law Dictionary* 591 (6th ed. 1990). In this case, the defendant agreed to transfer Home Health's license to Iredell as well as the office space and equipment. The transfer of the license vested Iredell with the "operating rights and responsibilities" and thus promoted or made it possible for it to provide the home health service to the people of Iredell County. It follows therefore that Home Health, consisting of a license, equipment and office space, is a hospital facility within the meaning of section 131E-13(d).

Furthermore, the entire "Health Care Facilities and Services Act," codified as Chapter 131E, treats home health agencies as facilities. Article 6, which is the "Facility Licensure Act" includes home health care agencies as facilities requiring licensure. N.C.G.S. § 131E-135 (1994). Article 9, which sets forth certificate of need requirements, also specifically lists home health agencies as a "health service facility." N.C.G.S. § 131E-176(9b) (1994).

Finally, the legislature obviously intended to foster competition with its adoption of section 131E-13(d) and we are not prepared to exclude home health agencies from its provisions in the absence of clear legislative language.

II

[2] In the alternative, the defendant argues that its contract with Iredell to transfer "management" of Home Health is not a "lease, sale or conveyance" requiring compliance with the notice provisions of N.C. Gen. Stat. § 131E-13(d) because the transfer only relates to the "management" of Home Health. We disagree.

A conveyance is "one by which the right . . . in a thing is transferred." *Black's Law Dictionary* 333 (6th ed. 1990). In this case the defendant transferred the right to operate Home Health to Iredell and in so doing made a conveyance within the meaning of the statute. The fact that the contract contained provisions relating to the operation of Home Health and permitted the defendant to terminate the contract upon noncompliance is not material to the issue presented. The controls retained by defendant are required by law, N.C.G.S. §§ 131E-8(a), -13(a). In any event, in this case the lease of the office

space, which was an integral part of the contract, qualifies the transfer as a lease within the meaning of section 131E-13(d).

Accordingly, summary judgment in favor of plaintiffs was appropriate.

Affirmed.

Judge McGEE concurs.

Judge WYNN concurs with separate opinion.

Judge WYNN concurring with separate opinion.

I agree with the majority that the home health agency in this case is a hospital facility within the meaning of N.C.G.S. § 131E-6(4) and further that the transfer of the agency was lease, sale or conveyance requiring notice requirements under N.C.G.S. § 131E-13(d). I write separately to address defendant's additional contentions in this case.

N.C.G.S. § 131E-8(c) provides that a municipality may convey to a nonprofit corporation any rights of ownership that the municipality has in a hospital facility. In addition, this section requires that any such conveyance be approved on 10 days' public notice. N.C.G.S. § 131E-8(c).

Likewise, N.C.G.S. § 131E-13(d) provides that a "municipality . . . may lease, sell, or convey any hospital facility" to a for-profit corporation. This section also requires that any such lease, sale, or conveyance follow certain procedures including notice and a public hearing.

N.C.G.S. § 131E-14 provides that "[i]f a municipality or hospital authority leases, sells, or conveys a hospital facility, or part, to a nonprofit corporation of which a majority of voting members of its governing body is not appointed or controlled by the municipality or hospital authority, the procedural requirements set forth in N.C.G.S. § 131E-13(d) shall apply."

Defendant contends that N.C.G.S. § 131E-7(b) is controlling and thus, he does not have to comply with the notice requirements of N.C.G.S. § 131E-13(d). N.C.G.S. § 131E-7(b) authorizes a county to "contract with . . . any person, . . . or nonprofit corporation or association for the provision of health care . . ." without complying with the notice provisions of N.C.G.S. § 131E-13(d).

Defendant's contention is erroneous. Based on the facts in this case, N.C.G.S. § § 131E-8 and 131E-14 are directly on point. Iredell County proposes to convey and lease the Home Health Agency to Iredell Memorial. In consideration for the sum of $200,000 and the elimination of the county subsidy, Iredell Memorial would control the management, operations, and financial affairs of Home Health. Iredell Memorial would also lease the space used by the current Home Health Agency. This is both a lease and a conveyance. Furthermore, defendant does not point to any facts or cases which would support the contention that N.C.G.S. § 131E-7(e) regarding contracts rather than leases and conveyances should control.

Second, defendant maintains that Iredell County Home Health Agency is not a hospital facility because it has no particular physical location for providing clinical treatment to patients. Again, I find this argument to be without merit. N.C.G.S. § 131E-6(4) provides a very broad definition of hospital facility. The definition includes, "any facility of a local health department . . . [and] includes related facilities such as laboratories, outpatient departments, housing and training facilities for nurses and other health care professionals, central service facilities operated in connection with hospitals, and all equipment necessary for its operation." Iredell Home Health has a facility mailing address, a facility site and is licensed by the Department of Human Resources, Division of Facility Services.

Third, defendant contends that Iredell County proposes to transfer only the management and operation of the Home Health Agency and not "sell, lease, or convey" the Home Health Agency. This is a distinction without substance. A transfer and a conveyance are synonymous in this case. For consideration of $200,000, Iredell County is proposing to transfer the management and operations of Iredell Health. In addition, they plan to lease its space, medical inventory, and office equipment. Under this proposal, Iredell Memorial would also assume all risks of financial loss from the operation of the Home Health Agency. Therefore, Iredell County is conveying a right and interest in property to Iredell Memorial.

In sum, under N.C.G.S. §§ 131E-8 and 131E-14, the proposal at issue constituted a conveyance and lease of a hospital facility. Based on the foregoing reasons, the trial court did not commit reversible error by permanently restraining Iredell County Commissioners from conveying the county's home health agency without complying with the notice requirements of N.C.G.S. § 131E-13(d).